# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JOHN DAVID RUSSELL                                            PETITIONER
Reg #12185-064

V.                              No. 4:20-CV-1082-KGB-JTR

BUREAU OF PRISONS                                             RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On August 27, 2020, Petitioner John David Russell ("Russell") was sentenced to fourteen months' imprisonment in the Bureau of Prisons ("BOP") for violating the conditions of his federal supervised release. Judgment, *USA v. John David Russell*, No. 4:14-CR-119-JM (E.D. Ark. Aug. 27, 2020). He was remanded to

United States Marshal custody and held at Pulaski County Detention Center pending transfer to a BOP facility. *Id.*; Doc. 1 at 1, 3; Doc. 33-1 at 1, ¶ 4.

Less than a week later, on September 2, Russell filed a *pro se* § 2241 petition for writ of habeas corpus with this Court. Doc. 1. In the Petition, he alleged that he was being denied access to the benefits of the First Step Act of 2018, and that he was entitled to a "faster or speedier release under the law." Doc. 1 at 1. In an Amended Petition (*Doc. 3*) and brief in support (*Doc. 4*), Russell clarified that he was seeking a criminogenic needs assessment, which would allow him to participate in rehabilitation programs under the First Step Act ("FSA") and become eligible to earn time credits toward his sentence.[1] Doc. 3 at 2; Doc. 4 at 2, 5. Russell named as respondents the United States of America, the Bureau of Prisons, the United States Marshal Service, and Pulaski County Sheriff Eric S. Higgins.

At the time Russell filed his Petition and Amended Petition, he was incarcerated in the Pulaski County Detention Center waiting to be transferred to a BOP facility. Doc. 1 at 1, 3; Doc. 33-1 at 1, ¶ 4. On March 30, 2021, after transfers to three interim detention facilities,[2] multiple quarantines due to COVID-19

---

[1] The First Step Act requires the BOP to provide eligible inmates with "risk and needs assessment tools" and, based on the results, allow them to participate in "evidence-based recidivism reduction programs." *See* 18 U.S.C. § 3632. Inmates who successfully complete the "evidence-based recidivism reduction programs" earn time credits toward prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(A) & (C).

[2] On October 19, 2020, Russell was moved from the Pulaski County Detention Center to CCA West Tennessee Detention Facility. *Doc. 21-1 at 1, ¶ 5*. While at that facility, Russell was required to quarantine after a fellow inmate tested positive for COVID-19. *Id. at ¶ 7*.

protocols, and the passage of seven months, Russell finally arrived at his designated BOP facility, the Federal Correctional Institute in Yazoo City, Mississippi ("FCI-Yazoo").

According to an affidavit submitted by James D. Cook, Supervisory Attorney at the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center, after Russell arrived at FCI-Yazoo, he received the relief he requests in this habeas action, a First Step Act Risk and Needs Assessment. *Doc. 33-1 at 2, ¶ 5*.

Russell was released from BOP custody on August 11, 2021. FED. BUREAU OF PRISONS, *Find an inmate.: BOP Register Number 12185-064*, https://www.bop.gov/inmateloc/ (last visited Sept. 27, 2021).

## II. Discussion

In its combined Response and Motion to Dismiss (*Doc. 21*), Sur-Reply (*Doc. 25*), and Supplemental Motion to Dismiss (*Doc. 33*), the only remaining Respondent, the BOP,³ argues that: (1) this Court lacks jurisdiction to hear Russell's Petition; (2)

---

On January 15, 2021, Russell was transferred to Cimarron Correctional Facility in Cushing, Oklahoma, where he again was required to quarantine. *Doc. 25-1 at 2, ¶¶ 6–7*.

On February 20, 2021, Russell was transferred to Tallahatchie County Correctional Facility in Tutwiler, Mississippi. *Id. at ¶ 6*.

Russell was transferred from the Tallahatchie County Correctional Facility to FCI-Yazoo. *Id. at ¶ 7*.

³ After reviewing Russell's Petition, the Court directed that all Respondents be dismissed except the BOP and Sheriff Higgins. *Doc. 6*. Sheriff Higgins was dismissed after Russell was transferred from the Pulaski County Detention Center. *See Doc. 14*.

3

Russell failed to exhaust administrative remedies; (3) Russell's habeas claim is not cognizable under § 2241; and (4) Russell's Petition is moot.

Because the Court lacks personal jurisdiction over Russell's now moot Petition, it is not necessary to address whether Russell exhausted his administrative remedies or stated a viable habeas claim.

### A. The Proper Respondent Is Not Within This Court's Jurisdiction

The writ of habeas corpus—often referred to as "the Great Writ"—is an inquiry into the restraint of a prisoner and is used to examine the legality of that prisoner's commitment. *Carbo v. United States*, 364 U.S. 611, 615 (1961); *Ex parte Watkins*, 28 U.S. 193, 202 (1830). A court can issue a writ that directs a prisoner's custodian to bring the prisoner before the court or to release the prisoner from custody. *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494–95 (1973).

Accordingly, "the writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Id.* Put differently, a writ of habeas corpus is "directed to" and "served upon" the respondent to a petition, not the petitioner himself. *Id.* (quoting *In the Matter of Jackson*, 15 Mich. 417, 439–40 (1867)).

District courts may only grant writs of habeas corpus "*within their respective jurisdictions.*" 28 U.S.C. § 2241(a) (emphasis added). To determine if this Court has personal jurisdiction over Russell's Petition for Writ of Habeas Corpus, the Court

must first determine the *proper respondent* to Russell's Petition; and then determine if that respondent may be served within the Court's jurisdiction.[4] *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).

> 1. *The Proper Respondent is the Bureau of Prisons Which Exercises Control of The First Step Act's Risk and Needs Assessment System, Not the Pulaski County Sheriff Who Had "Immediate Physical Custody" of Russell at the Time the Petition was Filed.*

The BOP argues that there are only two possible proper respondents to Russell's Petition—the Warden of Russell's designated BOP facility or the BOP itself—neither of whom are within this Court's jurisdiction. Russell contends that he named his custodian at the time he filed the lawsuit—Pulaski County Sheriff Eric S. Higgins—who is within the jurisdiction of this Court.

"[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 436. However, this rule only applies when the petitioner is challenging his immediate physical custody. *Id.* at 438. Where a

---

[4] The nomenclature used to describe § 2241 habeas corpus jurisdiction is confusing. Some courts label it "territorial jurisdiction"; other refer to it in terms of personal jurisdiction; and still others view the issue as one of forum or venue. *See e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 451 (2004) (Kennedy, J., concurring) ("In my view, the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue."); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *Rheuark v. Wade*, 608 F.2d 304, 306 (8th Cir. 1979) (discussing whether the court had personal jurisdiction over the respondent). I agree with Justice Kennedy that, in the context of a habeas petition, the concept is best denominated and "understood as a question of personal jurisdiction or venue."

petitioner challenges something other than his immediate physical custody, the proper respondent is "the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id.*

The Supreme Court addressed a similar issue in *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484 (1973). In that case, Braden, a prisoner incarcerated in Alabama, petitioned for habeas relief in the District Court for the Eastern District of Kentucky. *Id.* Braden named as the respondent the Kentucky state court that had lodged a detainer against him, not the Alabama warden who had immediate physical custody over him. *Id.* at 488–89. The Court found the Kentucky district court had jurisdiction because Braden was challenging his future incarceration in Kentucky. *Id.* at 438. In the context of his habeas petition challenging that future incarceration, Braden was "in custody" in Kentucky. *Padilla*, 542 U.S. at 438 (discussing *Braden*). Jurisdiction was not proper in Alabama because "the Alabama warden was not the person who held him in what was alleged to be unlawful custody." *Id.* (internal quotation marks and brackets omitted).

In this case, Russell is not challenging his immediate incarceration in the Pulaski County Detention Center or requesting any relief that could be granted by Pulaski County Sheriff Higgins. Instead, he requests criminological needs assessment under the First Step Act—a duty that has been delegated to the BOP. *See*

6

18 U.S.C. § 3632(f) ("Bureau of Prisons officers and employees [are] responsible for administering the [First Step Act's risk and needs assessment system].")

For the purposes of challenging his future right to a FSA assessment from the BOP, Russell was in the custody of the BOP. Thus, the proper respondent is the BOP, who Russell alleged was denying him his rights under the First Step Act, *not* Pulaski County Sheriff Higgins, who had immediate physical custody over Russell. *See Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979) (Arkansas district court lacked habeas jurisdiction over prisoner temporarily located in Arkansas where prisoner was challenging Texas conviction).

The First Step Act is a relatively new statutory scheme and, as the BOP points out, the First Step Act's "Earned Time Credit" program has yet to be fully implemented. *Doc. 21 at 9*. As far as the Court can tell, no federal appellate court has addressed who the proper respondent is in a petition challenging the calculation of, or the right to access, the FSA's "Earned Time Credit." However, the Eighth Circuit has previously held that the BOP can be considered the proper respondent for a petition challenging the calculation of pretrial detention credit. *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000). In making that determination, the Eighth Circuit noted that the authority to calculate pretrial detention credit had been delegated to the BOP. *Id.* (citing *United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir.1992)). Considering the duty to implement, calculate, and grant prisoner's access

to the FSA's Earned Time Credit has also been delegated to the BOP, it follows that the BOP is the proper respondent to Russell's petition.

Because neither Russell nor the BOP knew Russell's designated BOP facility when the Petition was filed, the only proper respondent at that time was the BOP itself. However, once Russell was designated to FCI-Yazoo, he could have amended his petition to name the warden of that BOP facility, but he failed to do so.

### 2. *The Court Does Not Possess Personal Jurisdiction Over the Bureau of Prisons.*

This Court lacks personal jurisdiction over the BOP because: (1) the BOP did not waive personal jurisdiction; (2) the BOP does not have a regional office in the Eastern District of Arkansas; and (3) Russell's district of confinement is the Southern District of Mississippi, the district where the warden of FCI-Yazoo resides. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982) ("[T]he requirement of personal jurisdiction may be intentionally waived."); *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (A § 2241 habeas petition challenging the BOP's calculation of time credits must be filed in the district of confinement, the District of Columbia, or any district in which the BOP maintains a regional office.)

**B. Mootness**

Even if this Court believed there was a good-faith basis for exercising has jurisdiction over Russell's habeas Petition,[5] his claims are now moot, and would require that this habeas action be dismissed.

Article III of the Constitution limits the jurisdiction of federal courts to consideration of *ongoing* "cases" or "controversies." U.S.C.A. Const. Art. III, § 2, cl. 1. "It is not enough that a dispute was very much alive when suit was filed…The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Comfort Lake Ass'n, Inc. v. Dresel Contracting, Inc.*, 138 F.3d 351, 354 (8th Cir. 1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). "When, during the course of the litigation, the issues presented in the case lose their life because of the passage of time or a change in circumstances and a federal court can no longer grant effective relief, the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (internal quotations, ellipsis, and citations omitted). If a claim for relief becomes moot during the pendency of the action, a

---

[5] In his concurring opinion in *Padilla*, Justice Kennedy suggests that the Court may exercise jurisdiction if the Government transfers the prisoner to make it more difficult for the prisoner to know where to file his petition, or if the Government "was not forthcoming with respect to the identity of the custodian and the place of detention." *Rumsfeld v. Padilla*, 542 U.S. 426, 454 (2004) (Kennedy, J., concurring).

Although obviously frustrated by the lengthy delay caused by his multiple transfers, Russell has not articulated any facts suggesting that the BOP was transferring him for any nefarious purpose. The BOP contends that the transfers and delays were caused by the "the complications of screening for and preventing the transmission of COVID-19 at discharge and receiving institutions and transfer centers." *Doc. 21-1 at 1, ¶ 5.*

court has no discretion and must dismiss the action for lack of jurisdiction. *Id.* at 724.

According to the affidavit of Mr. Cook, Russell received the First Step Act Risk Assessment and Needs Assessment after arriving at FCI-Yazoo. *Doc. 33-1 at 2, ¶ 5*. Although given the opportunity to do so, Russell does not dispute this sworn assertion of fact by Mr. Cook. *See Doc. 34*. Accordingly, because Russell has already received the relief he requests in his habeas Petition, his only ground for seeking habeas relief is now moot.

Alternatively, this habeas action is moot because Russell has been released from incarceration and does not allege any "collateral consequence" of his parole revocation conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *United States v. Maxie*, 693 F. App'x 465, 466 (8th Cir. 2017); *Howard v. Hendrix*, No. 2:19-CV-113-KGB-JTR (E.D. Ark. Sept. 28, 2020) (dismissing, as moot, petitioner's § 2241 challenge to loss of good time credit once petitioner was released from custody).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT: (1) the Bureau of Prison's Response and Motion to Dismiss (*Doc. 21*) and Supplemental Motion to Dismiss (*Doc. 33*) be GRANTED; (2) the Petition for Habeas Corpus (*Doc. 3*) be DENIED; and (3) this case be DISMISSED, with prejudice.

DATED this 27th day of September, 2021.

                                                                                        _____
                                                                                        UNITED STATES MAGISTRATE JUDGE